IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DENIECE DESIGN, LLC,              §
                                  §
            Plaintiff,            §
                                  §
VS.                               §   CIVIL ACTION H-12-2814
                                  §
ELAINE BRAUN,                     §
                                  §
            Defendant.            §

## OPINION AND ORDER

The above referenced action seeks injunctive relief and a declaratory judgment that Plaintiff DeNiece Design LLC's ("DeNiece's") products have not infringed and do not infringe United States Patent 7,255,299 (the "'299 patent") for a fabric storage panel, purportedly owned by Defendant Elaine Braun ("Braun"), or that the patent is invalid, or that Braun is barred from enforcing the '299 Patent on the grounds of waiver, laches, and estoppel because of Braun's action or inaction. Braun counterclaims for patent infringement, false marking under 35 U.S.C. § 292,[1] and false designation of origin under 15 U.S.C. §

---

[1] Section 292 provides in relevant part,

(a) whoever, without the consent of the patentee, marks upon, or affixes to, or uses in advertising in connection with anything made, used, offered for sale, or sold by such person within the United States, or imported by the person into the United States, the name or any imitation of the name of the patentee, the patent number, or the words "patent," "patentee," or the like, with the intent of counterfeiting or imitating the mark of the patentee, or of deceiving the public and inducing them to believe

1125(a).[2]

---

    that the thing was made, offered for sale, sold, or imported into the United States by or with the consent of the patentee; or

    Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing the same is patented for the purpose of deceiving the public; or

    Whoever marks upon, or affixes to, or uses in connection with any article, the words "patent applied for," "patent pending," or any word importing that an application for patent has been made, when no application for patent has been made, or if made, is not pending, for the purpose of deceiving the public--

    Shall be fined not more than $500 for every such offense.

    Only the United States may sue for the penalty authorized by this subsection.

    (b) a person who has suffered a competitive injury as a result of a violation of this section may file a civil action in a district court of the United States for recovery of damages adequate to compensate for the injury.

[2] Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), entitled "False designations of origin, false descriptions, and dilution forbidden," in relevant part provides a cause of action for unfair competition:

    (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact which--

        (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another

Pending before the Court are (1) Braun's motion to dismiss (instrument #8) Counts II (invalidity of patent) and III (waiver, estoppel, and laches) of Plaintiff's Complaint and (2) Counter Defendant DeNiece Herrod's motion to dismiss (#24).

## I.   Factual Allegations of DeNiece's Complaint (#1)

DeNiece's complaint states that Braun claims to own the '299 patent for a "Fabric Storage Panel" (copy attached as Exhibit A). Ms. Herrod ("Herrod") by and through her company, DeNiece, makes, manufactures and sells fabric organizers to store scraps and yardage of fabrics. She claims that she originated the concept of the fabric organizer on January 30, 2004, that she filed for a provisional patent No. 60/676.215,[3] entitled "Fabric Organizer," on

---

> person, or
>
> > (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities.
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

[3] A provisional patent application is a legal document filed with the United States Patent and Trademark Office ("USPTO") to establish an early filing date, but it does not become a formal patent unless the applicant files a patent within one year. *See, e.g., Davis v. Brouse McDowell, LPA*, 596 F.3d 1355, 1357-58 (Fed. Cir. 2010). *See also Lemkin v. Hahn, Loeser & Parks*, No. 2:10-CV-665,2012 WL 1058951, *1 n.3 (S.D. Ohio Mar. 28, 2012)("A provisional patent application is less costly than a standard patent application and will not mature into an issued utility patent unless further steps are taken. It serves to establish an early effect filing date for priority in connection with a later

April 29, 2005, and that she filed application No. 11/381,086, which claimed the benefit of 60/676.215, on May 1, 2006.  That application went abandoned on June 14, 2010.

U.S. Patent '299 was filed on August 13, 2004 and issued on August 14, 2007.  On August 15, 2007 Braun's lawyers sent a cease and desist letter to DeNiece asserting encroachment of the '299 patent.  On August 29, 2007 Herrod's attorneys sent a response detailing differences between her products and the claims of the

---

filed non-provisional patent application.  A provisional application for a patent is automatically abandoned one year after the date on which it is filed.")(citing 35 U.S.C. section 111, *et seq.).*

To establish the earlier filing date of the provisional application, the application must provide an adequate description of the invention in enough detail that one skilled in the art can clearly conclude that the inventor invented the claimed invention as of the filing date. *Technologies Intern., Inc. v. eSpeed, Inc.*, 595 F.3d 1340, 1359 (Fed. Cir. 2010).  *See also Pfizer Inc. v. Teva Pharmaceuticals U.S.A., Inc.*, 882 F. Supp. 2d 643, 682 (D. Del. 2012)(To show that an asserted claim of a patent-in-suit is entitled to the priority filing date of an earlier parent application," the patent application must satisfy section 112, which "requires the application's disclosure to describe the claimed invention and enable a person of ordinary skill in the art to make and use it."). *citing Ariad Pharms, Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 142-55 (Fed. Cir. 201o)(*en banc*).  The benefit of the earlier filing date for priority is addressed in 35 U.S.C. section 120 (quoted in relevant part):

An application for patent for an invention disclosed in the manner provided by section 112(a) (other than the requirement to disclose the best mode) in an application previously filed in the United States, or as provided by section 363, which names an inventor or joint inventor in the previously filed application shall have the same effect, as to such invention, as though filed on the date of the prior application, if filed before the patenting or abandonment of or termination of proceedings on the first application . . . .

'299 patent.    Neither  Herrod  nor  DeNiece  received  any  more
correspondence  from  Braun  or  her  lawyers  for  nearly  five  years.
Then  on  June  13,  2012,  Herrod  received  another  cease  and  desist
letter  from  Braun  and  her  lawyers.    Moreover  Herrod's  retailers
have  received  such  letters  and  have  caused  Herrod  to  lose  customers
and/or  business.

DeNiece  and  Herrod's  assert  three  claims  for  relief:    a
declaratory  judgment  of  non-infringement  of  the  '299  patent;  a
declaratory  judgment  that  the  '299  patent  is  invalid;  and
nonenforcement  of  the  '299  patent  based  on  waiver,  laches,  and
estoppel.

**II.  Braun's Motion to Dismiss Counts II and III (#8)**

**A. Standard of Review Generally**

Federal  Rule  of  Civil  Procedure  8(a)(2)  provides,  "A  pleading
that  states  a  claim  for  relief  must  contain  . . .  a  short  and  plain
statement  of  the  claim  showing  that  the  pleader  is  entitled  to
relief."    The  Fifth  Circuit  has  held  that  the  same  Rule  8(a)
pleading  standards  apply  to  counterclaims  and  affirmative  defenses.
*Woodfield  v.  Bowman*,  193  F.3d  354,  362  (5th  Cir.  1999)("[A]
defendant  must  plead  an  affirmative  defense  with  enough  specificity
or  factual  particularity  to  give  the  plaintiff  'fair  notice'  of  the
defense  that  is  being  advanced  . . .  and  in  some  cases  merely
pleading  the  name  of  the  affirmative  defense  . . .  may  be
sufficient";  "[t]he  'fair  notice'  pleading  requirement  is  met  if

the defendant 'sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise.'").

When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief"], and instead required that a complaint allege enough facts
to state a claim that is plausible on its face." *St. Germain v.
Howard*,556 F.3d 261, 263 n.2 (5ᵗʰ Cir. 2009), *citing In re Katrina
Canal Breaches Litig.*, 495 F.3d 191, 205 (5ᵗʰ Cir. 2007)("To survive
a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough
facts to state a claim to relief that is plausible on its face.'"),
*citing Twombly*, 127 S. Ct. at 1974).   "'A claim has facial
plausibility when the pleaded factual content allows the court to
draw the reasonable inference that the defendant is liable for the
misconduct alleged.'"  *Montoya v. FedEx Ground Package System,
Inc.*, 614 F.3d 145, 148 (5ᵗʰ Cir. 2010), *quoting Ashcroft v. Iqbal*,
129 S. Ct. 1937, 1940 (2009).   The plausibility standard is not
akin to a "probability requirement," but asks for more than a
"possibility that a defendant has acted unlawfully." *Twombly*, 550
U.S. at 556.  Dismissal is appropriate when the plaintiff fails to
allege "'enough facts to state a claim to relief that is plausible
on its face'" and therefore fails to "'raise a right to relief
above the speculative level.'"  *Montoya*, 614 F.3d at 148, *quoting
Twombly*, 550 U.S. at 555, 570.

In *Ashcroft v. Iqbal*, 129 S. Ct. at 1940, the Supreme Court,
applying the *Twombly* plausibility standard to a *Bivens* claim of
unconstitutional discrimination and a defense of qualified immunity
for a government official, observed that two principles inform the
*Twombly* opinion: (1) "the tenet that a court must accept as true

all of the allegations contained in a complaint is inapplicable to legal conclusions." . . . Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."; and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 129 S. Ct. at 1949. The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

"Rule 12(b) is not a procedure for resolving contests about the facts or the merits of a case." *Gallentine v. Housing Authority of City of Port Arthur, Tex.*, ___ F. Supp. 2d ___, Civ. A. No. 1:12-CV-417, 2013 WL 244651, *3 (E.D. Tex. Jan. 22, 2012), *citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 2d* § 1356, at 294 (1990).

**B. Federal Circuit's Standard of Review for Patent Infringement**

A few months after *Twombly* was issued and almost two years

before *Iqbal* was released, in *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007), the Federal Circuit, addressing a *pro se* patent and trademark infringement complaint, held that a patentee at minimum needs only to plead facts sufficient to provide the alleged infringer with notice under Rule 8(a) of the plaintiff's claims against him in order to survive a motion to dismiss. The Federal Circuit noted that the Supreme Court has recognized a "less demanding standard" for *pro se* litigants on procedural matter such as pleading requirements. 501 F.3d at 1356. It further observed that the Supreme Court has concluded that Rule 8(a)(2) requires only "'a short plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id., citing Twombly*, 550 U.S. at 555. It held that an acceptable way to put a defendant on notice of the nature of a plaintiff's allegations is the sample patent infringement complaint in Form 16 (now Form 18) of the Appendix of Forms to the Federal Rules of Civil Procedure. *McZeal*, 501 F.3d at 1356-57 (listing the elements of Form 16 and explaining how plaintiff's complaint included those elements). Specifically *McZeal* identifies the following as the only required elements needed to plead patent infringement: "1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that the defendant has been infringing the patent by

'making, selling, and using [the device] embodying the patent'; 4) a statement that the plaintiff has given the defendant notice of its infringement; and 5) a demand for an injunction and damages." 501 F.3d at 1357.  The Federal Circuit noted that Federal Rule of Civil Procedure 84 states that "'the forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate.'"  *Id.* at 1334.  It further stated that "a plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent."  *Id.* at 1357.  The Federal Circuit then vacated the trial court's dismissal of McZeal's complaint and remanded the suit "[b]ecause McZeal met the low bar for *pro se* litigants to avoid dismissal on the basis of Fed. R. Civ. P. 12(b)(6)."  *Id.* at 1359.

In a dissent in *McZeal*, Judge Dyk objects, "In my view, the majority's decision in this respect is inconsistent with the Supreme Court's recent decision" in *Twombly*.  *Id.* at 1359 (Dyk, J. concurring in part and dissenting in part).  He opined that

> a bare allegation of literal infringement using the form is inadequate to provide sufficient notice to an accused infringer under a theory of literal infringement.  The form fails to state which claims are asserted and which features of the accused device are alleged to infringe the limitations of those claims.  In alleging that the "electric motors embod[y] the patented invention" the form fails to recognize that a patent is only infringed when the accused product satisfies all of the limitations of the claims.  However, I agree that under Rule 84 of the Federal Rules of Civil Procedure, we would be required to find that a bare allegation of literal infringement in accordance with Form 16 would be sufficient under Rule 8 to state a claim.  One can only

-10-

> hope that the rulemaking process will eventually result
> in eliminating the form, or at least in revising it to
> require allegations specifying which claims are
> infringed, and the features of the accused device that
> correspond to the claim limitations.

*Id.* at 1360.

In the wake of *McZeal* there was some confusion about what is necessary to state a direct[4] patent infringement claim.  *McZeal* acknowledged it was applying a more deferential standard to a *pro se* complaint, and some courts concluded that its holding was limited to such a context; others determined that *McZeal* was abrogated by *Iqbal*.  *See generally* Adam Steinmetz, "Pleading Patent Infringement:  Applying the Standard Established by *Twombly* and *Iqbal* to the Patent Context,"  13 Colum. Sci. & Tech. L. Rev. 482 (Sept. 9, 2012).

Recent post-*Iqbal* opinions by the Federal Circuit, however, have reaffirmed its holding in *McZeal* in cases where the plaintiff was not *pro se*.  *See, e.g., K-Tech Communications, Inc. v. Time Warner Cable, Inc.*, ___ F.3d ___, Nos. 2012-1425, 2012-1446, 2013 WL 1668960 (Fed. Cir. Apr. 18, 2013); *R+L Carriers, Inc. v. DriverTech LLC (In re Bill of Lading Transmission and Processing System Patent Litigation)*, 681 F.3d 1323 (Fed. Cir. 2012).  Moreover, it has reiterated that Rule 84 and the Advisory Committee

---

[4] *McZeal*'s holding and Form 18 apply to "measuring only the sufficiency of allegations of direct infringement, and not indirect infringement." *R+L Carriers, Inc. v. DriverTech LLC (In re Bill of Lading Transmission and Processing System Patent)*, 681 F.3d 1323, 1336 (Fed. Cir. 2012).

Notes to the 1946 amendment "make[] clear that a proper use of the Form contained in the Appendix of Forms effectively immunizes a claimant from attack regarding the sufficiency of the pleading." *K-Tech*, 2013 WL 1668960 at *5. "[T]o the extent that any conflict exists between *Twombly* (and its progeny), we are 'required to find that a bare allegation of literal infringement in accordance with Form [18] would be sufficient under Rule 8 to state a claim.'" *Id., citing R+L Carriers*, 681 F.3d at 1334 (pleadings conforming to the Forms are sufficient to state a claim even when they do not meet the *Twombly* standard)(*citing McZeal*, 501 F.3d at 1360). "[T]o the extent  .  .  . that *Twombly* and its progeny conflict with the Forms and create differing pleadings requirements, the Forms control" because "any changes to the Federal Rules of Civil Procedure 'must be obtained by the process of amending the Federal Rules, and not by judicial interpretation.'"  *Id.* at 1334-35, *citing McZeal*, 501 F. 3d at 1360 (Dyk, J., concurring in part and dissenting in part), and *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 162, 168 (1993), and *Twombly*, 550 U.S. at 569, n.14.  A number of district courts in the Fifth Circuit have followed this rule.  *See, e.g., Lone Star Document Management, LLC v. Atalasoft, Inc.*, Civ. A. Nos. 2:11-CV-00319-JRG, 2012 WL 4033322, *2 (E.D. Tex. Sept. 12, 2012); *InMotion Imagery Technologies v. Brain Damage Films*, No. 2:11-CV-414-JRG), 2012 WL 3283371 (E.D. Tex. Aug. 10, 1012).

**Braun's Motion to Dismiss Counts II and III**

Count II of the complaint merely states, "The '299 Patent and each and every claim thereof is invalid for failing to comply with the requirements for patentability under the Patent Laws of the United States, including 35 U.S.C.  102, 103, and 112."[5]

DeNiece's third cause of action is composed of a single statement, "Ms. Braun is barred from enforcing the '299 Patent against DeNiece Designs on the grounds of waiver, laches, and estoppel due to action or inaction by Ms. Braun which has resulted in extreme prejudice and detriment to DeNiece Designs."

Braun charges that DeNiece's conclusory allegations have "taken inadequate pleading to a new level" in failing to identify which of the numerous statutory subsections of these statutes apply and in failing to provide any factual support.  She objects that the second cause of action fails to state a claim under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 129  S. Ct. 1937, 1949 (2007), and Federal Rules of Civil Procedure 8(a) and 12(b)(6).  The mere listing of patent statutes without any facts or legal elements does not give any notice, no less fair notice, of DeNiece's claim of patent invalidity and the grounds on which it rests.  Braun points out that Section 102 of the Patent Act has seven subsections, at least five of which set

---

[5] Section 102 address novelty; section 103, nonobviousness; and section 112, the specification or written description of the invention.

forth numerous independent and far-ranging grounds for invalidating a patent claim (e.g., prior public use, prior offer to sell, prior printed publication, abandonment, prior patenting in a foreign country by the inventor or his or her legal representatives or assigns, prior published patent applications by others, prior issued patents by others, non-joinder of inventors, prior invention by others, etc.). The same is true of DeNiece's pleadings under Sections 103 (additional bases for patent invalidity if "the invention is not identically disclosed or described as set forth in section 102") and 112 (including *inter alia* written description, lack of enablement, claim indefiniteness, and failure to disclose the best mode of the invention).

Braun argues that the third count should also be dismissed because waiver, estoppel and laches are listed as affirmative defenses under Fed. R. Civ. P 8(c), and thus are not independent causes of action. *Crook v. El Paso I.S.D.*, 277 Fed. Appx. 477, 481 (5th Cir. May 8, 2008), *cert. denied*, 555 U.S. 956 (2008). Thus they must be dismissed as a matter of law for failing to state a cause of action upon which relief can be granted.

### DeNiece's Response in Opposition (#14)

DeNiece argues that its complaint complies with the sample Form 18 for notice pleading of a direct patent infringement claim as required under *McZeal* and Federal Circuit progeny. If the Court does not deny the motion to dismiss, DeNiece requests leave to

amend.

As for the invalidity claims, DeNiece states that patent rules have built-in safeguards for adequate notice.  The Federal Rules and local patent rules[6] require that detailed invalidity contentions are to be served on the Defendant.  DeNiece states it will serve those contentions in accordance with the Court's schedule, which will provide Braun with sufficient time to conduct discovery and mount her defense.

**Court's Determination**

Count II of DeNiece's complaint seeks a declaratory judgment that the '299 patent is invalid for failure to comply with the requirements for patentability under the Patent Laws of the United

---

[6] *See Better Bags, Inc. v. Illinois Tool Works, Inc.*, ____ F. Supp. 2d ___, Civ. A. No. H-11-1516, 2012 WL 1455759, *5 (S.D. Tex. Apr. 9, 2013)(discussing local patent rules of Southern District of Texas and their deadline for serving Preliminary Invalidity Contentions on other party and what information must be included under Patent Rule 3-3.  *See also Teirstein v. AGA Med. Corp.*, Civ. A. No. 6:06-cv-14, 2009 WL 704138, *5 (E.D. Tex. Mar. 16, 2009)(local patent rules requiring a party to state its preliminary infringement and invalidity contentions shortly after the initial case management conference are intended to make the parties crystalize their theories of the case and lend further support to the conclusion that detailed factual assertions are not required .)
    *Rules of Practice for Patent Cases in the Southern District of Texas* (effective Jan. 1, 2008) is available on the Court's website. Section 3-2 sets out the rule for document disclosure for patent infringement claims, while 3-3 requires service of Preliminary Invalidity Contentions by a deadline to be set forth in the scheduling order and specifies particular information that must be included regarding prior art and any other grounds for patent invalidity.  Rule 3-4 sets out the documents that a party opposing a claim of patent infringement must produce or make available for inspection and copying.  Rule 3-5 sets out the disclosure requirement in patent cases seeking a declaratory judgment.

States, including 35 U.S.C. sections 102, 103 and 112.  Patent invalidity can be a counterclaim and/or an affirmative defense to patent infringement. *Moody v. Aqua Leisure Intern.*, Action No. 4:10-cv-1961, 2011 WL 2604840, *1 n.4 ( S.D. Tex. June 30, 2011). Nevertheless if framed as seeking a declaratory judgment of patent invalidity, it can be a counterclaim.  *Target Training Intern.*, 2011 WL 3235683, at *2.  Thus far no appellate courts, but only district courts have addressed the question "how *Twombly* and *Iqbal* apply to patent invalidity counterclaims and affirmative defenses, with conflicting results." *See, e.g., Palmetto Pharmaceuticals LLC v. Astrazeneca Pharmaceuticals LP*, No. 2:11-cv-00807-SB-JDA, 2012 WL 6025756, *5 (D.S.C. Nov. 6, 2012).  For the reasons stated below in the cases that the Court finds persuasive, the Court denies Braun's motion to dismiss DeNiece's claim for a declaratory judgment of patent invalidity.

As noted, the Fifth Circuit has held that Rule 8(a) notice pleading requirements apply to counterclaims and affirmative defenses as well s to complaints.  *Woodfield*, 193 F.3d at 362. DeNiece's complaint seeks a declaratory judgment under 28 U.S.C. sections 2201 and 2202 that it is not infringing on Braun's invention, the mirror image of an infringement claim.  In *Gradient Enterprises, Inc. v. Skype Technologies S.A.,* ___ F. Supp. 2d ___, No. 10-CV-6712L, 2012 WL 1208565, *4 (W.D.N.Y. Mar. 25, 2013), the court concluded that because the Federal Circuit has held that

notice pleading applies to claims of direct infringement, a *counterclaim seeking a declaration of no direct infringement* of the patent in dispute is subject to Form 18, while the stricter *Twombly* and *Iqbal* standard applies to a counterclaim for a declaration of noninfringement to the extent that it relates to *indirect* infringement.

In *Hon Hai Precision Co., Ltd. v. Wi-LAN, Inc.*, 2013 WL 2322675, *8 (S.D.N.Y. May 28, 2013), the court wrote,

> I find that the plausibility standard of *Twombly* does not apply to Hon Hai's declaratory claim for patent invalidity. This is so because it is not a "claim" within the meaning of Rule 8(a)(2) at all. Instead it is a *defense*, within the meaning of Rule 8(c), to the underlying coercive suit of patent infringement. Unlike Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(c) requires only that "a party [] affirmatively state any avoidance or affirmative defense . . . "

In addition to this "textual distinction between Rule 8(a) and Rule 8(c), the *Hon Hai* court, observing that the majority of district courts in the Second Circuit which have considered the issue have held that affirmative defenses are not subject to the *Twombly* pleading standard, pointed out that Form 30 of the Federal Rules of Civil Procedure indicate that notice pleading is sufficient to plead an affirmative defense. *Id.* at *9 and n. 96 (citing cases in support). Moreover a number of cases have concluded that "because the Federal Circuit has held that notice pleading applies to claims of direct infringement, it would be unfair to require a greater

-17-

showing for claims of invalidity." *Id.* at *8 and n.94.

In *Teirstein v. AGA Medical Corp.*, No. 06:08-CV-14, 2009 WL 704138, *4-5 (E.D. Tex. Mar. 16, 2009), the court found sufficient notice pleading of a counterclaim of patent invalidity based on the the allegation that the patents failed to "satisfy one or more of the statutory requirements for patentability set forth in 35 U.S.C. sections 101, 102, 103 and/or 112" because it also met the requirements of "1) an allegation of jurisdiction; 2) a statement that an actual case or controversy exists as a result of this suit; 3) a statement that the . . . patent is invalid; 4) a list of the specific statutory provisions . . . compell[ing] invalidity; and 5) a demand for relief." *See also Microsoft Corp. v. Phoenix Solutions, Inc.*, 742 F. Supp. 2d 1156 (C.D. Cal. 2010)("With respect to invalidity counterclaims, the Court agrees with other district courts that it would be incongruous to require heightened pleading when the pleading standard for infringement does not require facts such as 'why the accused products allegedly infringe' or 'to specifically list the accused products.'"); *Palmetto Pharmaceuticals*, No. 2:11-cv-00807-SB-JDA, 2012 WL 6025756, at *6 ("This Court finds persuasive the reasoning of the district courts that have found it would be 'incongruous to require heightened pleading' for invalidity counterclaims when the pleading standard for infringement does not require factual allegations to support the infringement claims" and permitting a counterclaim that the

patent was invalid for failure to comply with one or more of the conditions of patentability in 35 U.S.C. section 101, 102, 103 and/or 112); *Graphic Packaging International, Inc. v. C.W. Zumbiel Co.*, Civ. A. No. 1:110-cv-3008-At, 2011 WL 5829674, *2-4 (N.D. Ga. Aug. 1, 2011)(same).

Thus applying to DeNiece's complaint the elements of a Form 18 complaint (*McZeal*, 501 F.3d at 1357) and those modified for a declaratory judgment patent invalidity counterclaim under *Teirstein* (2009 WL 704138 at *4-5), the Court finds that the complaint satisfies the minimal pleading requirements. DeNiece states the basis of the Court's subject matter jurisdiction under 28 U.S.C. sections 1331 (federal question) and 1338(a)(patent). The complaint states that "Ms. Braun claims to own U.S. Patent No. 7,255,299." Instead of asserting that the defendant has infringed the patent by making, selling and using the device embodying the patent, the complaint for a declaration of noninfringement claims that "DeNiece does not make, use, offer for sale, import or sell and has not made[,] used, offered for sale, imported or sold in the United States any products which infringe any valid and enforceable claims of the '299 patent . . . ." It further states, "The '299 Patent and each and every claim thereof is invalid for failing to comply with the requirements for patentability under the Patent Laws of the United States, including 35 U.S.C. sections 102, 103 and 112 . . . ." It alleges that Braun sent the first cease and

desist letter to DeNiece on August 15, 2007, receiving a response on August 29, 2007, and sent a second such letter in June 2012, with no communication between.  It seeks relief in the forms of a judgment in favor of DeNiece against Braun, declaratory judgments of noninfringement and patent invalidity, costs, disbursements, and reasonable attorney's fees.

DeNiece's third count seeks to bar Braun from enforcing the '299 patent against DeNiece based on waiver, laches, and estoppel due to action or inaction by Braun, which purportedly resulted in extreme prejudice and detriment to DeNiece.  DeNiece does not provide factual support for these conclusory assertions.

Laches, estoppel and/or waiver can serve as an affirmative defense to patent infringement, while a claim for declaratory judgment that Braun is barred from enforcing the '299 patent against DeNiece on those grounds can constitute a counterclaim to patent infringement.  *See, e.g., Target Training Intern., Ltd. v. Extended Disc North America, Inc.*, 2011 WL 3235683, *2 (S.D. Tex. July 27, 2011).  DeNiece does not clearly indicate whether the unenforceability allegation is a declaratory judgment counterclaim or an affirmative defense to Braun's claim of patent infringement. Regardless, the Court finds that whether DeNiece intends these as affirmative defenses, in which case they must be pleaded or lost, or as counter claims, the Court concludes they should not be dismissed because DeNiece sufficiently pleads them.

-20-

Federal Rule of Civil Procedure 8(c), which includes estoppel, laches, and waiver on its express list of affirmative defenses, requires that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense."  Courts are divided, here too, as to whether the plausibility standard of *Twombly* and *Iqbal* applies to pleading affirmative defenses, and, again, no court of appeals has addressed the issue.  *See, e.g.,* Robert A. Matthews, 6 *Annotated Digest* section 39:11.75 ("Applicability of *Iqbal* and *Twombly* to affirmative defenses")(database updated June 2013)(discussing numerous cases with varying conclusions; *Chevron Corp. v. Donziger*, 866 F. Supp. 2d 235, 267 (S.D.N.Y. 20120)(discussing division of courts over whether *Twombly* and *Iqbal* apply to affirmative defenses); Matthews, 6 Annotated Patent Digest section 39:16 ("Pleading laches and equitable estoppel defenses")(database updated June 2013). Moreover many of the cases do not consider the effect of *McZeal* and progeny on pleading patent claims.  The court in *Chevron Corp*, *id., quoting Bayer CropScience AG v. Dow AgroSciences, LLC*, Civil No. 10-1045 RMB/JS, 2011 WL 6934557, *1-2 (Del. Dec. 30, 2011)(some punctuation modified), summarizes as persuasive reasoning the rationale of courts that find *Twombly* and *Iqbal* do not apply, including:

> (1) textual differences between Rule 8(a), which requires
> that a plaintiff asserting a claim *show* entitlement to
> relief and Rule 8(c), which requires only that a
> defendant *state* any defenses; (2) a diminished concern

that plaintiffs receive notice in light of their ability
to obtain more information during discovery; (3) the
absence of a concern that the defense is unlocking the
doors of discovery; (4) the limited discovery costs, in
relation to costs imposed on a defendant, since it is
unlikely that either side will pursue discovery on
frivolous defenses; (5) the unfairness of holding the
defendant to the same pleading standard as the plaintiff,
when the defendant has only a limited time to respond
after service of the complaint, while plaintiff has until
the expiration of the statute of limitations; (6) the low
likelihood that motions to strike affirmative defenses
would expedite the litigation, given that leave to amend
is routinely granted; the risk that a defendant will
waive a defense at trial by failing to plead it at the
early stage of the litigation; (8) the lack of detail in
Form 30,which demonstrates the appropriate pleading of an
affirmative defense; and (9) the fact that a heightened
pleading requirement would produce more motions to
strike, which are disfavored.

This Court finds these reasons persuasive and holds that Twombly

and *Iqbal* do not apply to the pleading of waiver, laches and

estoppel in the patent context.

As stated *supra*, "[c]ounterclaims and affirmative defenses are

subject to the same pleading requirements as complaints."

*Teirstein*, 2009 WL 704138 at *2, *citing Woodfield*, 193 F.3d at 362

(noting that Rule 8 requires "all pleadings to be simple, concise

and direct"), Form 30, Answer Presenting Defenses Under Rule 12(b),

Forms App., Fed. R. Civ. P. ("Form 30"), and Federal Rule of Civil

Procedure 12(h)(counterclaims should be "[s]et forth . . . in the

same way a claim is pleaded in a complaint"). The court in

*Teirstein* observed that the Fifth Circuit has acknowledged "that in

some cases merely pleading the name of the affirmative defense . .

. may be sufficient. *Id., citing Woodfield* at 362. As discussed,

-22-

in the wake of *McZeal*, the *Teirstein* court concluded that requiring the pleading of facts in an invalidity counterclaim to a patent infringement action would improperly heighten pleading standards. The court emphasized that specific information could be obtained through discovery and further observed that local courts that have adopted local patent rules, as the Southern District of Texas has,[7] requiring parties at an early stage of the litigation "to serve Invalidity Contentions, which detail anticipating and obviating prior art; disclose grounds for indefiniteness; and include a claim chart regarding invalidity," makes up for the lack of factual support at the pleading stage; indeed "[r]equiring such allegations to be included in the pleadings would turn the Invalidity Contentions required by the Local Patent Rules into an exercise in futility."  *Id.* at 4 and 5.[8]

---

[7] See footnote 6.

[8] In *02 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006), emphasizing "the broad discovery regime under the Federal Rules of Civil Procedure, especially given the particular importance of discovery in complex patent cases," the Federal Circuit observed that "[w]hile a party asserting a claim or counterclaim must have a reasonable basis for filing suit, the Federal Rules require only notice pleading by the claimant."  It explained that in light of the simplified notice pleading system, discovery under the rules "allows the plaintiff to develop facts to support the theory of the complaint and allows the defendant to develop facts to support its defenses." *Id.*  It is "designed to allow the plaintiff to pin down the defendant's theories of defense, thus confining discovery and trial preparation to information that is pertinent to the theories of the case." Moreover, local patent rules, "by requiring both the plaintiff and the defendant in patent cases to provide early notice of infringement and invalidity contentions, and to proceed with

This Court agrees that the fact that a patent infringement claim does not have to be pleaded with factual particularity makes it unfair to require such for an affirmative defense or counterclaim of laches, estoppel or waiver to such a claim. With regard to laches or equitable estoppel based on delay, DeNiece has pleaded the dates of the two cease and desist letters with a gap between them of nearly five years to state a plausible claim on its face and put Braun on fair notice. *Teirstein*, 2009 WL 704138 at *7-8.

For these reasons, the Court denies Braun's motion to dismiss.

### DeNiece Herrod's Motion to Dismiss (#24)

Seeking to dismiss Braun's counterclaim against Herrod in her personal capacity,[9] Herrod points out that in Braun's Counterclaim III for false designation of origin under 15 U.S.C. section 1125(a), Herrod is personally named. Her motion maintains that Braun has not shown any reason to pierce the corporate veil.

Section 101.114 of the Texas Business Organizations Code provides, "Except as and to the extent the company agreement

---

diligence in amending those contentions when new information comes to light in the course of discovery. The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to legal theories." *Id.* at 1365-66.

[9] The Court notes that in her motion Herrod miscites Rule 12(b)(6) as Rule 12(b)(4) and erroneously refers to the current standard of review as that under *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

specifically provides otherwise, a member or manager is not liable for a debt, obligation, or liability of a limited liability company, including a debt, obligation, or liability under a judgment, decree, or order of a court." Section 101.113 of the Code states "A member of a limited liability company may be named as a party in an action by or against the limited liability company only if the action is brought to enforce the member's right against or liability to the company." Herrod maintains that generally courts should abide by the principle that the LLC is an entity separate and distinct from its members, just as a corporation is an entity separate and distinct from its shareholders. *Ingalls v. Standard Gypsum, LLC*, 70 S.W. 3d 252 (Tex. App.--San Antonio 2001, pet. denied).

Herrod argues that Braun has not alleged that Herrod took any actions separate and distinct from those taken in her representative capacity on behalf of DeNiece. *A&E Engine and Compression, Inc. v. Miss-Lou Petroleum, LLC*, No. 2009 CA 1254, 2010 WL 1005870 (La. App. March 19, 2010). Moreover Braun has not made an alter ego argument or any argument that holding only the limited liability company would have an inequitable result. *SSP Partners v. Gladstrong Investments (USA) Corp.*, 275 S.W. 3d 3344 (Tex. 2008)(stating that there must be evidence of abuse or injustice to disregard the corporate form; rejecting the single business enterprise theory because the factors do not reflect

-25-

illegitimate use of limited liability); *Mancorp, Inc. v. Culpepper*, 802 S.W. 2d 226 (Tex. 1990)(courts may disregard the corporate entity under the alter ego theory "when there exists such unity between the corporation and individual that the corporation ceases to be separate and when holding only the corporation liable would promote injustice"); *Matthews Constr. Co. v. Rosen*, 796 S.W. 2d 692 (Tex. 1990)("When the corporate form is used as an essentially unfair device--when it is used as a sham--courts may act in equity to disregard the usual rules of law in order to avoid an inequitable result"); *Lucas v. Texas Indus., Inc.*, 696 S.W. 2d 372 (Tex. 1984)(noting policy reasons that courts are less reluctant to pierce the veil in tort cases than in breach of contract cases, but refusing to pierce the corporate veil in the instant tort case because of the absence of evidence that the corporate form caused plaintiff to fall victim to a "basically unfair device by which . . . [the] corporate entity was used to achieve an inequitable result.").

Herrod argues that Braun's counterclaims against Herrod fail for insufficiency because Herrod's name is not mentioned in the section called "Background and Facts Common to All Counts" and because Herrod's name is mentioned only once in the counterclaims, i.e., line 41, "DeNiece Designs and Ms. Herrod, in connection with the Infringing Product have falsely described and made false representations that the Infringing Product has had a patent

pending since 2004 when it has not."

In sum, because Braun has failed to show a reason to pierce the corporate veil to hold Herrod personally liable nor stated adequate facts to support any claim against her in her personal capacity, the Court should dismiss Herrod from the lawsuit.

**Braun's Response (#25)**

Braun's Answer, Affirmative Defenses and Counterclaim (#7), although styled against DeNiece alone, asserts its Count III Counterclaim (par. 41), against DeNiece and Herrod:

> DeNiece Designs and DeNiece Herrod, in connection with the Infringing Product, have falsely described and made false representations that the Infringing Product has had a patent pending since 2004 when it has not. This has caused confusion in the marketplace, deceived the public as to the Infringing Product's Affiliation with the patented Product, caused mistake, misrepresented the nature of the Infringing Product in advertising and promotion, and misrepresented the nature, characteristics, and qualities of the Infringing Product.

Braun first argues that because a Rule 12(b)(6) motion must be filed before a responsive pleading, Herrod's motion is untimely[10] and the Court should treat it as a Rule 12(c) motion for judgment on the pleadings. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)(a district court may treat an untimely Rule 12(b)(6) motion as a Rule 12(c) motion). A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to

---

[10] Braun filed her counterclaim on November 1, 2012; DeNiece, after being granted an extension, filed its response on December 5, 2012; Herrod did not file her motion to dismiss until April 17, 2013.

dismiss under Rule 12(b)(6).  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 n.8 (5th Cir. 2002).  A Rule 12(c) motion is intended to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking at the substance of the pleadings and any judicially noticed facts.  *Id.* at 313.  The Court must decide whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.  *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001), *citing St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991). The pleadings should be construed liberally, and judgment on the pleadings should be granted only if there are no disputed issues of fact and only questions of law.  *Hughes,* 278 F.3d at 420.  All well-pleaded facts should be viewed in a light most favorable to the plaintiff.  Id.

Because Texas state corporate law, on which Herrod relies, is not relevant here, Braun insists that Herrod can be personally liable under 15 U.S.C. section 1125(a).  The Counterclaim sufficiently alleges a cause of action under section 1125(a), which provides for a civil action for

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which–
>
> (A) is likely to cause confusion, or to cause mistake, or

> to deceive as to the affiliation, connection, or
> association of such person with another person, or as to
> the origin, sponsorship, or approval of his or her goods,
> services, or commercial activities by another person . .
> . .

Braun cites cases in which courts have found personal liability under 15 U.S.C. section 1125(a) for officers and directors who knowingly act in a manner which causes confusion, mistake, or deception. *See Mead Johnson & Co. v. Baby's Formula Serv., Inc.*, 402 F.2d 19, 23 (5th Cir. 1968)[11]; *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir. 1996); *Choice Hotels Intern., Inc. v. Patel*, ___ F. Supp. 2d ___, 2013 WL 1655003, *6 (S.D. Tex. Apr. 16, 2012).

The Court agrees that an officer or director who actively and knowingly causes confusion, mistake or deception can be personally liable under section 1125(a). *See, e.g., Engineering Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1350 (5th Cir. 1994); *Chanel, Inc. v. Italian Activewear of Fla.*, 931 F.2d 1472, 1477 (11th Cir. 1991); *Bynari, Inc. v. Alt-N Technologies Ltd*, Civ. A. No. 3:08-CV-242-L, 2008 WL 4790977, *7 (N.D. Tex. Oct. 24, 2008) Nevertheless, the Court would point out that Herrod individually is not named in its style nor identified clearly as a formal Counter Defendant in the body of Braun's Answer, Affirmative Defenses and

---

[11] The elements of trademark infringement and false designation of origin under 15 U.S.C. section 1125(a) are identical and the same evidence will establish both claims. *Philip Morris USA, Inc. v. Lee*, 547 F. Supp. 2d 667, 674 (W.D. Tex. 2008).

Counterclaim.  Moreover, even if she had been, the Answer (#15) to Braun's Counterclaim filed by the only named Counter Defendant, DeNiece, conclusorily denies the section 1125(a) claim in paragraph 31, in accordance with Form 30.  Moreover DeNiece's complaint asserts facts contrary to those alleged by Braun (#1, paragraphs 4, 12, 14.  A motion for judgment on the pleadings under Rule 12(c) should only be granted "where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains*, 313 F.3d at 312.  This issue, clearly contested on the face of the pleadings, should be addressed on summary judgment or at trial.  Thus the Court denies Herrod's Rule 12(c) motion.

Accordingly, for the reasons stated above, the Court

ORDERS that  Braun's motion to dismiss Counts II (invalidity of patent) and III (waiver estoppel and laches) of Plaintiff's Complaint (instrument #8) and (2) Herrod's motion to dismiss (#24), construed under Rule 12(c), are DENIED.

**SIGNED** at Houston, Texas, this  19th  day of  June , 2013.

_____

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

-30-